# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40789
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ALEISHA O. GRAY,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-84-2

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Following a jury trial, Aleisha O. Gray was convicted of one count of conspiring to transport illegal aliens within the United States, and two counts of transporting illegal aliens within the United States, in violation of 8 U.S.C. § 1324. The district court varied downwardly from the sentencing range under the advisory Sentencing Guidelines and sentenced Gray to, *inter alia*, 20 months' imprisonment.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-40789

She challenges her convictions and sentence.  Regarding the former, Gray, who elected to testify at trial, contends the evidence adduced as to each count of conviction was insufficient, claiming the Government did not prove she:  knowingly participated in a conspiracy to transport illegal aliens; and was aware she was transporting illegal aliens in the trunk of a rental vehicle.

She failed, however, to preserve her sufficiency challenges because, although she moved for a judgment of acquittal at the close of the Government's case, she did not renew the motion after the close of all evidence. *See United States v. Davis*, 690 F.3d 330, 336 (5th Cir. 2012).  Therefore, our review is limited to whether the record is "devoid of evidence pointing to guilt" or the evidence on an element of the offense is "so tenuous that a conviction would be shocking".  *Id*. at 336–37 (internal quotation marks and citation omitted).

As noted, Gray elected to testify at trial.  The evidence, viewed "in the [requisite] light most favorable to the [G]overnment" and with "all reasonable inferences and credibility choices" construed in favor of the verdict, supports that Gray:  knowingly agreed, with at least one other person, to transport illegal aliens within the United States for private financial gain; and knew she was transporting illegal aliens.  *See id*. at 337 (internal quotation marks and citation omitted).  The record reflects Gray was recruited by, and acted in accordance with the aims and directions of, an organized network that exhibited coordination, planning, and conformity in smuggling illegal aliens and moving them within the United States. Her role—driving the aliens across the border checkpoint to a destination at which they would make additional, and in some cases final, payments—complemented the jobs of others in the network and fulfilled a goal of the enterprise.  Because the success of the network relied on Gray's willingness to perform her job, she reasonably could

be viewed as a knowing participant in the conspiracy to transport illegal aliens. *See United States v. Rodriguez*, 553 F.3d 380, 390–91 (5th Cir. 2008).

Furthermore, aside from the circumstances and conditions of the job that suggested it involved transporting aliens, the evidence supports that Gray: was explicitly told before crossing the border checkpoint that she was expected to transport aliens in the trunk of her rental vehicle; and knew her codefendant—who had been recruited by the same network under identical conditions and  provided a vehicle also rented by Gray—was attempting to drive aliens across the checkpoint on behalf of the enterprise.  Notably, at the checkpoint and in later interviews with agents, Gray, *inter alia*, displayed nervous behavior, provided a seemingly illogical description of her itinerary, and could not explain how the aliens were able to access the trunk of the rental vehicle without her knowledge.  *See United States v. Diaz-Carreon*, 915 F.2d 951, 954–55 (5th Cir. 1990); *United States v. Richardson*, 848 F.2d 509, 513 (5th Cir. 1988).

Also, she was the sole driver and occupant of the vehicle in which the aliens—who were to pay a portion of the smuggling fees after their arrival in Houston—were concealed.  Therefore, she presumably would not have been allowed to transport the aliens if she was not aware of the network and the aliens and did not have an incentive to keep them hidden.

Although Gray contends the evidence supports she did not know about the aliens, the jury, as evidenced by its verdict, found her testimony in that regard not to be credible.  And, as our case law dictates, "credibility determinations . . . are the province of the jury, not appellate judges".  *United States v. Morrison*, 833 F.3d 491, 500 (5th Cir. 2016) (citation omitted).  Again, we must defer to that finding and construe all evidence and reasonable inferences in favor of the verdict.  *See Davis*, 690 F.3d at 337.  Gray, therefore,

has not shown the record is devoid of evidence she knowingly agreed with others to transport illegal aliens within the United States for financial gain or that the evidence of her knowledge was so tenuous as to make her conviction shocking. *See id.* at 336–37.

Regarding her sentence, Gray claims, consistent with her objection in district court, the court incorrectly applied an obstruction-of-justice adjustment under Guideline § 3C1.1 (providing for a two-level enhancement for obstructing justice), based on its finding she committed perjury by, *inter alia*, falsely testifying at trial she and her codefendant did not talk while they were in Texas to complete jobs for the conspiracy.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Accordingly, we review for clear error the finding, objected-to in district court, that Gray obstructed justice. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

The record supports that Gray gave testimony about her discussions with her codefendant that reasonably could be viewed as a willful denial of material facts. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *United States v. Perez-Solis*, 709 F.3d 453, 469 (5th Cir. 2013); U.S.S.G. § 3C1.1, cmt. n.4(B) (explaining covered conduct under § 3C1.1 includes "committing,

suborning, or attempting to suborn perjury . . . if such perjury pertains to conduct that forms the basis of the offense of conviction"). Gray repeatedly testified she did not talk to her codefendant after they came to Texas; but, the evidence at trial—and additional evidence in the unrebutted presentence investigation report (PSR)—reflected that they had substantive discussions on cell phones after their arrivals. The false testimony was relevant to the material fact of whether Gray was aware she was transporting illegal aliens and, therefore, was designed to have a substantial effect on the outcome of the proceeding. *See United States v. Como*, 53 F.3d 87, 90 (5th Cir. 1995); *United States v. Cabral-Castillo*, 35 F.3d 182, 187 (5th Cir. 1994); U.S.S.G. § 3C1.1, cmt. n.6 (defining "material" evidence).

Her claim her perjurious testimony was the result of nervousness or confusion is  unsupported by the record. The district court—which adopted the PSR and therefore made independent findings to support that Gray committed perjury—did not commit clear error in finding Gray obstructed justice for its purposes of assessing a § 3C1.1 enhancement. *See Perez-Solis*, 709 F.3d at 469; *Juarez-Duarte*, 513 F.3d at 208.

AFFIRMED.